{¶ 53} While I concur in the judgment of the majority I write separately to express two concerns.
 {¶ 54} In the Appellant's Second Assignment of Error she objects to the trial court permitting the victim to be present throughout the entire trial of the case, which allowed her to hear the testimony of all the witnesses. In the case sub judice this created no error because the victim's testimony was not material to the acts charged in the indictment, and therefore was not subject to being influenced by the testimony of other witnesses. In fact, as noted in the majority opinion, the victim had no knowledge of the material facts of the alleged charges and her testimony was merely cumulative and not necessary to the state's case at all, except to provoke the sympathy of the jury.
 {¶ 55} Similarly, in the Appellant's Fifth Assignment of Error which alleges ineffective assistance of counsel, the Appellant now objects to the victim being permitted to testify as to how the incident "affected" her. Again, this testimony is clearly irrelevant and immaterial to the proof of the state's case, and was obviously intended to inflame the jury. Defense counsel could have objected to such testimony and the trial court should have sustained such a motion. However, there was no objection and the testimony, in this case, did not rise to the level of plain error. It is also insufficient to sustain an assignment of error for ineffective assistance of counsel, as counsel may have refrained from objecting as a trial tactic to avoid antagonizing the jury.
 {¶ 56} While disapproving of the prosecution's use of the victim's testimony to inflame the jury and arouse their sympathies, I do not find that these tactics, in this case, created reversible error. Therefore, I join the majority in affirming the judgment of the trial court.